Filed 5/2/14  P. v. Dunn CA1/5
Opinion following rehearing

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CALVIN COOLIDGE DUNN,<br><br>        Defendant and Appellant. | A139390<br><br>(San Francisco City and County<br>Super. Ct. No. 216108) |

On July 29, 2011, pursuant to a negotiated disposition, appellant Calvin Coolidge Dunn entered a plea of guilty to assault upon a police officer with force likely to cause great bodily injury (Pen. Code, § 245, subd. (c)),[1] and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)).  He also admitted two additional felony convictions for which he served a state prison term pursuant to section 667.5, subdivision (b).[2]  Additional charges and sentence enhancement allegations, including three "strike" priors under sections 667 and 1170.12, were dismissed.  On August 19, 2011, Dunn was sentenced to three years formal probation, with execution of a seven-year state prison term suspended, and credit for a one-year county jail term if he completed a two-year Delancey Street drug recovery program.  On Dunn's fourth admitted violation of probation, the court imposed a five-year prison sentence.  The

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court first allowed Dunn to withdraw and set aside an earlier July 26, 2011 plea agreement that included admission of the "strike" sentencing enhancements.

1

appeal purports to be from "issues occurring after entry of the plea" pursuant to California Rules of Court, rule 8.304(b)(4)(A).[3]

Assigned counsel initially submitted a *Wende*[4] brief. In our independent review of the record (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110) we found sentencing error, but not in Dunn's favor. On March 11, 2014, we issued an opinion finding that the trial court had imposed an unauthorized sentence and remanding the matter with directions to the trial court to resentence Dunn consistent with the terms of a previously imposed suspended sentence, thereby increasing Dunn's prison term by two years. Dunn petitioned for rehearing, and we requested briefing from both Dunn and the Attorney General. On April 9, 2014, we granted the petition for rehearing and vacated our earlier opinion. We asked for supplemental briefing on the appropriate disposition, assuming that an unauthorized sentence had been imposed. We again find that the sentence imposed by the trial court was unauthorized and remand for correction.

## I. BACKGROUND

Dunn did not obtain a certificate of probable cause (§ 1237.5) and there are no cognizable issues before us relating to his guilt. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099.) The facts underlying Dunn's convictions are therefore not relevant.

Following his initial sentencing, Dunn was denied entrance to Delancey Street and failed to contact his probation officer. On December 16, 2011, he admitted a charged probation violation. Probation was reinstated and modified to include one year in county jail to be served through the Salvation Army Recovery Program. On January 14, 2012, Dunn was arrested for possession and being under the influence of a controlled substance (Health & Saf. Code, §§ 11375, subd. (b)(2), 11550, subd. (a)). He had not been admitted to the Salvation Army's residential program because he twice refused to submit

---

[3] Dunn's pro se notice of appeal sought a certificate of probable cause to challenge the validity of his plea. His request for certificate of probable cause, however, recited that he was "appealing the sentence but not the conviction." The trial court denied the request.

[4] *People v. Wende* (1979) 25 Cal.3d 436.

urine samples for analysis. On February 24, 2012, Dunn again admitted violating the terms of his probation. Probation was reinstated and modified, requiring that he serve a term of 12 months in county jail. Dunn was ordered to participate in the Roads to Recovery program for six months while in custody and then serve the remaining six months in a residential treatment program.

On January 20, 2013, Dunn was once again arrested for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). On February 22, 2013, Dunn admitted the probation violation. Probation was reinstated with a waiver of 399 days custody credits under section 2900.5, and a condition that he serve an additional 90 days in county jail. Dunn was ordered to comply with any program deemed appropriate by the probation department and to participate in an individualized treatment plan.

On April 27, 2013, Dunn was once again arrested.[5] The probation department recommended that probation be revoked and sentence imposed. Dunn, represented by counsel, admitted the probation violation. On May 31, 2013, the trial court sentenced Dunn to the upper term of five years on the felony assault upon a police officer (§ 245, subd. (c)), and a concurrent middle term of two years on the count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), for a total prison term of five years.[6] The court ordered reinstatement of some custody credits and imposed all required fines and fees, but it did not impose any sentence for the two section 667.5 prior prison terms Dunn had previously admitted.

## II. DISCUSSION

### A. *Imposition of an Unauthorized Sentence*

Our independent review of the record revealed that the sentence imposed by the court on May 31, 2013, was unauthorized. " '[A] sentence is generally 'unauthorized'

---

[5] Dunn's initial *Wende* brief stated that he was arrested "for speeding through an intersection (Veh. Code, § 22350) resulting in a rear-end collision with two other vehicles." He neglected to mention that he was fleeing from a police officer while driving a stolen vehicle at the time of the collision.

[6] Dunn contended in his initial *Wende* brief that this was "[c]onsistent with the originally suspended sentence." It was not.

3

where it could not lawfully be imposed under any circumstance in the particular case.' [Citation.]" (*People v. Anderson* (2010) 50 Cal.4th 19, 26.) In his negotiated disposition, Dunn admitted two additional felony convictions for which he served a state prison term pursuant to section 667.5. The enhancement under section 667.5 is mandatory unless the additional term is stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561.) The failure to either impose or strike a section 667.5 prior prison term enhancement is a jurisdictional error which may be corrected for the first time on appeal. (*People v. Garcia*, at p. 1562.)

We also found a more basic problem. Dunn received a seven-year prison sentence on August 19, 2011, with *execution* of that sentence suspended.[7] Dunn did not appeal that sentence.[8] If a court "actually imposes sentence but suspends its *execution*, and the defendant does not challenge the sentence on appeal, but instead commences a probation period reflecting acceptance of that sentence, then the court lacks the power, at the precommitment stage (see § 1170, subd. (d)), to reduce the imposed sentence once it revokes probation." (*People v. Howard* (1997) 16 Cal.4th 1081, 1084.) "[S]ection 1203.2, subdivision (c), recites that following the defendant's rearrest, and on revocation and termination of probation, 'if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that *the judgment shall be in full force and effect*.' (Italics added; [citation].) [¶] . . . On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . ." (*People v. Howard,* at pp. 1087–1088; see also Cal. Rules of Court, rule 4.435(b)(2) [if execution of sentence previously suspended, "the judge *must* order that the judgment previously pronounced be

_____

[7] In granting probation, a court may either suspend imposition of sentence or actually impose sentence and suspend its execution. (See § 1203.1, subd. (a).)

[8] It appears that Dunn was, at some point, under the mistaken impression that the modifications of his probation terms in the various revocation proceedings had eliminated his suspended prison sentence. No such modification was made, and the record reflects that the court disabused him of that notion at hearings on October 5, 2011 and on March 8, 2013.

4

in full force and effect and that the defendant be committed to . . . the Department of Corrections and Rehabilitation for the term prescribed in that judgment" (italics added)].)

B.      *Trial Court's Indicated Sentence and Dunn's Admission of Probation Violation*

Dunn, in his petition for rehearing, and in his supplemental briefing, contends that the five-year sentence was an agreed term when Dunn admitted his probation violation, and that it should be specifically enforced. The record is at best equivocal about what representations, if any, were made by *the prosecution* at the time that Dunn admitted violation of the terms of his probation. The reporter's transcript of the May 31, 2013 proceedings only reflects the following statement by the court: "We've had some discussions off the record with regard to Mr. Dunn's matter. My understanding is that Mr. Dunn is prepared to having admitted violated his probation, and what the Court will do is on the 245(c) I'm going to sentencing [*sic*] him to the aggravated term of five years in State prison. [¶] . . . Also, on the 10851(a) Vehicle Code violation, the Court would sentence you to two years to be served concurrently, so at the same time, so not additional." Dunn then admitted the probation violation and the court sentenced him as indicated.

There is nothing in either the clerk's transcript or the reporter's transcript that evidences a plea agreement or negotiated disposition of the probation violation, or any sentencing inducement offered by the prosecution. The sentencing colloquy reflects only an agreed correction of custodial credits. More accurately, what appears from the record is an "indicated sentence" by the court—the penalty the court announces it would give if a defendant pleads guilty to all charges and admits all allegations. (*People v. Clancey* (2013) 56 Cal.4th 562, 577.)

It also appears that all parties, including the trial court, may have misapprehended the terms of the suspended sentence originally imposed. The clerk's minutes from the August 19, 2011 sentencing hearing incorrectly recites "BREAKDOWN OF ESS; 5YRS

SP ON COUNT 1 AND 2YRS SP ON PRIORS CONCURRENT."[9] Moreover, the probation report before the court recited the same erroneous information.

C.    *Appropriate Disposition*

As noted, we asked the parties to submit supplemental briefing on the question of the appropriate disposition, assuming that the court imposed an unauthorized sentence. The Attorney General proposes that we remand to allow Dunn to present extra-record evidence through a habeas corpus petition of a false inducement for his admission, but otherwise to direct his resentencing to the suspended seven-year prison term. Dunn suggests that the prosecution agreed, or at least acquiesced, to modification of the original suspended sentence, and is estopped from trying to undo the agreement. We disagree with both.

Even assuming there were a true plea bargain in this instance, a defendant is not entitled to specific performance of a plea bargain "absent very special circumstances." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 13.) "The preferred remedy in that context is to permit a defendant to withdraw his plea and to restore the proceedings to the original status quo. [Citation.]" (*Id.* at pp.13–14; *People v. Calloway* (1981) 29 Cal.3d 666, 668.) "And, specific enforcement of a plea bargain is not a remedy required by the federal Constitution. [Citation.]" (*People v. Renfro* (2004) 125 Cal.App.4th 223, 233.) Moreover, specific performance is not an available remedy when a negotiated sentence is invalid or unauthorized. (See *People v. Jackson* (1981) 121 Cal.App.3d 862, 869.)

Dunn cites *People v. Arata* (2007) 151 Cal.App.4th 778 (*Arata*) in support of his position, but *Arata* involved a unique set of circumstances not present here. In that case

---

[9] The court's oral pronouncement of sentence is quite clear that the sentence actually imposed in August 2011 was seven years: "five years on the 245(c), and it will be three years on Count 2, the 10851, and that will run concurrent. There was an admission on the two 667.5(b) priors, which add two years, for a total of seven years." "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The original sentence recited by the court was also consistent with the terms of the negotiated disposition placed on the record.

6

the defendant entered a plea of guilty to a registerable sex offense on the understanding that, upon successful completion of his probation, he would be able to withdraw his plea and have the case dismissed under section 1203.4. Although Arata had completed his sentence and complied with all terms of his probation, an intervening legislative amendment to section 1203.4 rendered him ineligible for such relief at the time he applied. (*Arata,* at pp. 781–783.) It was no longer possible to restore the status quo ante, since Arata had already completed his entire sentence. It was in that context that the reviewing court found that Arata's plea "rested in a significant degree on the promise of eventual section 1203.4 relief" and that consequently "such promise must be fulfilled." (*Arata,* at p. 788, citing *Santobello v. New York* (1971) 404 U.S. 257, 262.) *Arata* has no application here.

We find no similar special circumstances here, nor reason to depart from the "preferred remedy" articulated by our Supreme Court. We further perceive no inequity in giving Dunn the opportunity to return to the status quo ante, and to face at least the possibility of a sentence specifically articulated as part of Dunn's original plea bargain, and expressly imposed by the original sentencing court without objection by Dunn. "Under these circumstances, the appropriate remedy is to vacate the judgment, to permit [Dunn] to withdraw his plea, and otherwise to proceed in conformity with the law. [Citation.]" (*People v. Williams* (1998) 17 Cal.4th 148, 164, fn. omitted.)[10]

### III.    DISPOSITION

The judgment is vacated and the matter is remanded to the trial court. If Dunn moves to withdraw his admission to the probation violation within 30 days of issuance of the remittitur by this court, the trial court is directed to vacate Dunn's admission of the probation violation and to proceed with hearing on the allegations of the petition. If

---

[10] Dunn also asks us to confirm that the trial court retains the authority to recall the prison sentence, once executed, pursuant to section 1170, subdivision (d)(1). We see no need to instruct the trial court on its statutory authority. Dunn also argues that due process requires that he be transported to court and be present at the sentencing hearing. That is an issue properly addressed to the trial court in the first instance.

Dunn does not elect to withdraw his admission within the specified time, the trial court shall proceed to sentence Dunn, either exercising its discretion to reinstate probation, or sentencing Dunn in accordance with the terms imposed by the court on August 19, 2011.


_____

Bruiniers, J.


We concur:


_____

Jones, P. J.


_____

Simons, J.